# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER BRAY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GILBERT VILLEGAS, et al.,<br><br>　　　　　Defendants. | Case No.: 1:18-cv-00978-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 11) |

Plaintiff Amber Bray is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed on May 24, 2019. (ECF No. 11.) In her motion, Plaintiff asserts that she moves the Court for appointment of counsel because she is an incarcerated layperson. Further, Plaintiff states that she has suffered irreparable loss of vision because of the Defendants' actions and would like to see her rights vindicated through the instant action.

However, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Nevertheless, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1).

1

Rand, 113 F.3d at 1525.  Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id.  (internal quotation marks and citations omitted).  "Neither of these considerations is dispositive and instead must be viewed together."  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

Initially, since Plaintiff's first amended complaint has not been screened, this case does not yet proceed on any cognizable claims for relief.  Therefore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Further, based on a review of the limited record in this case, the Court determines that Plaintiff can adequately articulate her claims and that the issues raised in this action are not particularly complex.  Consequently, the Court fails to find the exceptional circumstances necessary to justify granting a request for voluntary assistance of counsel.  Accordingly, Plaintiff's motion for appointment of counsel, (ECF No. 11), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **May 28, 2019**        /s/ *Barbara A. McAuliffe*
                               UNITED STATES MAGISTRATE JUDGE